IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Larry Weatherspoon (N81213), | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 14 C 5620 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| Thomas J. Dart, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, previously a pretrial detainee at Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement while detained at Cook County Jail. In September 2014, the matter was consolidated for coordinated pretrial proceedings with *Cox v. Dart*, No. 13 C 5874 (N.D. Ill.) because it involved substantially similar claims concerning the overall conditions of confinement at the Cook County Jail. This matter has now been deconsolidated and is before the Court for ruling on Defendant Thomas J. Dart's motion for summary judgment. For the reasons stated in this order, Defendant Dart's motion for summary judgment is denied.

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hanover Ins. Co. v. Northern Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010).

The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which he bears the burden at trial. *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936-937 (7th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-23). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

### **Local Rule 56.1 (N.D. Ill.)**

Together with his motion for summary judgment, Defendant included a "Local Rule 56.2 Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" (Dkt. 62), as required by the Court's Local Rules and Circuit precedent. That notice explained in detail the requirements of the Local Rules governing summary judgment and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*,

2

559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing L.R. 56.1(b)(3)(B)). Local Rule 56. 1(b)(3)(c) requires the nonmoving party to present a separate statement of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon to support the statement of additional facts. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008).

"When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013). In addition, district courts, in their discretion, may "choose[] to ignore and not consider the additional facts that a litigant has proposed" if the litigant fails to comply with Local Rule 56.1. *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809-10 (7th Cir. 2005) (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995)).

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have . . . repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1." *Cichon*, 401 F.3d at 809.

## Materials Provided to Plaintiff by the Court

The Court also provided Plaintiff a primer as to motions for summary judgment, including an example of a response to a defendant's statement of material facts pursuant to Local Rule 56.1. (Dkt. 65.) In addition, the Court provided Plaintiff with an Amicus Brief that set forth the case law regarding conditions of confinement, including excessive cold or heat, insect/vermin pests, plumbing issues, leaking ceilings, mold in living areas, and air quality. (Dkt. 64 and Dkt. 182 in Case No. 13 C 5874.)

## Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts

Plaintiff submitted "A memorandum of law opposing defendant's motion for summary judgment." (Dkt. 67, pgs. 2-3.) Plaintiff's response includes three statements of fact, none of which include citation to supporting documents. (*Id.*) Despite the materials provided to Plaintiff, he failed to properly respond to Defendant's undisputed facts and he failed to properly support what could be considered his own statement of any additional facts that require denial of summary judgment. Accordingly, the facts set forth in Defendant's Local Rule 56.1(a)(3) Statement of Material Facts (Dkt. 60) are deemed admitted to the extent they are supported by evidence in the record.[1] *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880, 884 (7th Cir. 2012). However, even to the extent Plaintiff failed to completely comply with Local Rule 56.1, it does not "automatically result in judgment for the movant," as "[t]he ultimate burden of persuasion remains with [the movant] to show that [he] is entitled to judgment as a matter of law." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *see also*, *Bentz v. Hardy*,

---

[1] The Court notes that Plaintiff's deposition was reviewed and the facts presented below include three citations to Plaintiff's deposition where Defendant's statement of fact either mischaracterized the testimony or was incomplete.

No. 15-1344, 638 Fed. App'x 535, 536 (7th Cir. Apr. 8, 2016) (finding that, even where plaintiff failed to respond properly to statement of uncontested facts, "[t]hat misstep was not fatal" because defendants chiefly relied upon plaintiff's discovery deposition as their evidentiary source, rendering his account of prison conditions undisputed").

With the above-standards in mind, the Court turns to the facts of this case.

## Facts

Plaintiff is a former detainee at Cook County Jail ("CCJ"). (Def.'s Statement of Material Fact (Dkt. 60), ¶ 3.) Plaintiff was housed in Division 3 Annex, Dorm C1 ("Dorm C1") from July 3, 2014 until July 12, 2014. (*Id.* at ¶ 5.)

There were approximately five toilets in Dorm C1. (*Id.* at ¶ 8.) Some of the toilets were not functional. (*Id.*) Plaintiff observed maintenance personnel repair the toilets at least twice. (*Id.*) When the toilets were inoperable, correctional staff would allow Plaintiff to use a different washroom. (*Id.*)

There were approximately four showers in Dorm C1. (*Id.* at ¶ 9.) At times, some of the showers were not functional. (*Id.*) Some of the showers had mold and limited hot water. (*Id.*) Plaintiff observed maintenance personnel "look at" the showers at least once. (*Id.*) Plaintiff showered more than once while housed in Dorm C1. (*Id.*)

Plaintiff observed what appeared to be mold "all over" Dorm C1. (*Id.* at ¶ 9.) Detainees were provided some cleaning supplies but the cleaning supplies were not effective in removing the mold. (Id., at ¶ 10; Plaint.'s Dep. 39:18-43:17.)

Plaintiff does not recall whether Dorm C1 was equipped with a central air conditioning system, however, correctional staff provided detainees with a large fan to circulate the indoor air.

5

(*Id.* at ¶ 11.) While assigned there, Plaintiff was given one hour per day to go outside for fresh air and Plaintiff cooled himself with cold showers. (*Id.*)

The roof in Dorm C1 leaked but none of Plaintiff's personal items were damaged by the leaky roof because he stored these items under his bed. (*Id.* at ¶ 12.)

Plaintiff was next housed in Division 3 Annex, Dorm E2 ("Dorm E2") from July 12, 2014 until July 13, 2015. (*Id.* at ¶ 13.)

There were approximately five toilets in Dorm E2. (*Id.* at ¶ 15.) At least two of the five toilets were operable at "a given time." (*Id.*) Plaintiff observed maintenance staff repair the restrooms multiple times. (*Id.*)

Of the approximately six sinks in Dorm E2, at least "two or three" of the sinks were operable at any given time. (*Id.* at ¶ 16.) Plaintiff observed maintenance staff repair the restrooms multiple times. (*Id.*)

Plaintiff encountered rodents and pests in Dorm E2. (*Id.* at ¶ 17.) Plaintiff was not bitten by a rodent but was bitten by unknown insects. (*Id.*) Plaintiff observed an exterminator on at least one occasion in Dorm E2 but whatever the exterminator used was ineffective. (*Id.*; Plaint.'s Dep. 54:15-55:1)

The poor ventilation in Dorm E2 caused hot indoor temperatures in the summer months and cold indoor temperatures in the winter months. (Def.'s Statement of Material Fact (Dkt. 60), ¶ 19.) During the summer months, Plaintiff was given one hour per day to go outside for fresh air and he cooled himself off with cold showers. (*Id.*) He was allowed to remove part of his uniform to stay cool. (*Id.*) During the winter months, Plaintiff was provided with an extra coat and blanket to stay warm. (*Id.*)

Some of Plaintiff's "paperwork" got wet from a leaky roof in Dorm E2. (*Id.* at ¶ 18.) In addition, his blanket would get wet so he could not cover with it causing him to sleep with two coats on to attempt to stay warm. (Plain.'s Dep. 59:7-17.)

Plaintiff sustained bug bites from unknown insects and caught a cold or flu while housed in Dorm E2. (Def.'s Statement of Material Fact (Dkt. 60), ¶ 20.) Plaintiff presently suffers from minor ailments but he is not sure whether they are attributable to the conditions in Division 3 Annex or his "old age." (*Id.*) Plaintiff has been seen by medical personnel at the Illinois Department of Corrections regarding his minor ailments but has not been prescribed any medication or physical therapy. (*Id.*)

## **Analysis**

Defendant Dart argues that Plaintiff has failed to demonstrate that the alleged conditions rose to a constitutional violation and that Defendant Dart was not deliberately indifferent to any of the alleged living conditions.

A pretrial detainee's claim of unconstitutional conditions of confinement is analyzed under the Fourteenth Amendment's Due Process Clause. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). However, given that the protections under the Fourteenth Amendment's Due Process Clause are at least as broad as those under the Eighth Amendment for convicted prisoners, courts look to Eighth Amendment case law when addressing a pretrial detainee's claims. *Rice v. Correctional Med. Serv.*, 675 F.3d 650, 664 (7th Cir. 2012). A pretrial detainee is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not

mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendant acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)).

1. **The Conditions of Confinement**

In assessing the objective severity of jail conditions, courts must consider the nature of the conditions, their duration, and any harm caused to Plaintiff. *Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094 at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013). Furthermore, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have 'a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842-43 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)); *Gray v. Hardy*, 826 F.3d 1000, 1005-6 (7th Cir. 2016) (courts must take a "holistic view of the conditions" and not consider simply whether each individual condition rises to a constitutional violation). The deprivation, however, must be sufficiently serious. *Gray*, 826 F.3d at 1005. The plaintiff must show that he suffered some type of cognizable harm from the conditions. *Id*. at 1006. Nevertheless, a plaintiff need not have contracted a disease or suffered

8

any physical pain for a jury to reasonably conclude that conditions constituted a constitutional violation. *See Thomas*, 697 F.3d at 614 (discussing harms a prisoner may endure due to insect infestation, including actual disease, and psychological and probabilistic harm).

While Defendant Dart asserts that Plaintiff's conditions of confinement were not unconstitutional, Defendant Dart fails to support his argument with any analysis either as to each adverse condition alone or in combination. Defendant Dart merely recites facts from Plaintiff's deposition and then asserts that he is entitled to summary judgment. While some of the conditions standing alone, such as the alleged plumbing issues with only some of the toilets, showers and sinks, would not rise to a constitutional violation, s*ee, e.g., Birks v. Dart*, No. 12 C 7701, 2014 WL 1345893, at * 4 (N.D. Ill. April 4, 2014) (plumbing issues with shower, sink and toilet did not rise to a constitutional because plaintiff still had the means to maintain his daily hygiene); *Davis v. Biller*, No. 00 C 50261, 2003 WL 22764872, at *2 (N.D. Ill. Nov.19, 2003) (a dysfunctional sink alone is not necessarily cruel and unusual punishment), a genuine issue of material fact exists as to whether the conditions of Plaintiff's confinement, when viewed together, rose to a constitutional violation. *See Budd*, 711 F.3d at 842-43. The totality of these conditions included over a year of detention in tiers that had the above plumbing issues, mold "all over," rodents and insect infestation that resulted in insect bites, poor ventilation that resulted in hot temperatures in the summer and cold temperatures in the winter, and a leaky roof. *See e.g., Gray*, 826 F.3d at 1006 (insect infestation along with lack of cleaning supplies and broken window in cell could constitute unconstitutional conditions of confinement); *Vinning El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner housed in cell for six days where floor was covered with water, sink and toilet did not function, and walls were smeared with blood and

feces, constituted unconstitutional conditions of confinement); *Conwell v. Johnsen*, No. 12 C 10062, 2016 WL 6661169, at *17 (N.D. Ill. Nov. 9, 2016) (finding that the totality of conditions, including lack of hot water, cold temperatures, lack of accommodation for disability, cockroach infestation, and blood and feces on walls, constituted a triable issue of fact as to whether conditions were unconstitutional); *Brown v. Duvall*, No. 15 C 1672, 2016 WL 3125002, at *4 (N.D. Ill. June 3, 2016) (finding question of material fact existed as to whether conditions rose to unconstitutional level where cell was cold, plaintiff had dirty mattress with no pillow or blanket, and pests were present in cell); *Mims v. Hardy*, No. 11 C 6794, 2013 WL 2451149, at *10 (N.D. Ill. June 5, 2013) (finding a jury could find that conditions including a non-functioning sink, broken toilet, smell of feces, temperatures at or close to 100 degrees Fahrenheit, and poor air circulation for a forty-five day period were sufficiently serious to deprive plaintiff of the minimal civilized measure of life's necessities); *Hicks v. Irvin*, No. 06 C 0645, 2012 WL 4092621, at *5 (N.D. Ill. Sept. 17, 2012) (where there was an indefinite number of bugs in the cell over six-day period, the toilet would not flush and was backed up with feces, and plaintiff was provided only 12 to 18 ounces of water per day, a genuine issue of material fact existed as to whether Plaintiff was denied his basic needs). Although Plaintiff's conditions were not as serious as those in some of the cases cited above, a trier of fact may find that the combined effect of his conditions over an extended period of time were sufficiently serious, particularly given that his conditions, according to Plaintiff, caused him a cold or flu and resulted in insect bites. *See Thomas*, 697 F.3d at 614.[2]

---

[2] Defendant also argues that Plaintiff has failed to demonstrate a physical injury so he may not recover any compensatory damages. As stated above, a triable issue of fact exists as to whether the conditions of confinement caused Plaintiff certain physical harms, including a cold or the flu and insect bites or other cognizable injury.

## 2. Deliberate Indifference to the Conditions

Section 1983 creates a cause of action based on personal liability and predicated on fault, so to be held liable under § 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted.) "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773. Establishing that an official acted negligently does not suffice. *Id*. "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." *Id.*

To survive summary judgment, a § 1983 plaintiff must adduce evidence that the defendant "caused or participated in the constitutional deprivation." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (internal citations omitted). The doctrine of *respondeat superior* does not apply to § 1983 actions. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Rather, to be held liable under § 1983, a supervisor, such as Sheriff Dart here, must "know about the [unconstitutional] conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010).

Plaintiff brought suit only against Sheriff Thomas Dart. Plaintiff, however, did not speak to Defendant Dart regarding the conditions of his confinement and thus has not demonstrated Defendant Dart's personnel involvement through this means. Construing the facts generously, however, Plaintiff suggests systemic conditions of which Dart's knowledge might be inferred. *See Antonelli*, 81 F.3d at 1428-29 (holding that senior correctional officials could be expected to

know of, or participate in creating, systemic conditions at the facility); *Gray*, 826 F.3d at 1008-09 (finding summary judgment was improper because jury could infer that warden, based on his supervisory role, was aware of systemic pest infestation). Defendant has failed to negate this inference. The conditions of confinement continued throughout Plaintiff's detention and Defendant offers no evidence of attempting to abate these conditions beyond Plaintiff's own testimony. That testimony, at best, showed an unknown number of attempts to repair the toilets, virtually zero (and in any case ineffective) steps to control the pest infestation, no attempt to maintain or repair the heating and cooling system, and/or any effective elimination of the mold. *See Gray*, 826 F.3d at 1008-09 (finding jury could infer deliberate indifference if defendant persists in an approach that does not correct the adverse/unconstitutional conditions of confinement).

Based on the undisputed facts before the Court, a jury could infer the conditions of Plaintiff's confinement were systemic and that Defendant Dart was aware of these systemic conditions. *See Gray*, 826 F.3d at 1008-09.

## Conclusion

For the foregoing reasons, Defendant Dart's motion for summary judgment (Dkt. 59) is denied.

Dated: 8/11/2017

_____
Judge Thomas M. Durkin
United States District Court Judge